## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Pacificorp Capital, Inc.

v.

National School
Board Association

August 10, 1990

Case No. (Law) CL900460

### By JUDGE ALFRED D. SWERSKY

This matter is before the Court on defendant's Demurrer. I have read the memoranda of counsel and considered the arguments made. The Demurrer must be sustained.

Plaintiff alleges a lease of personalty for various terms but expiring on November 30, 1988, and January 31, 1989; that defendant failed to return the property; continued to use the equipment; failed to pay rent after invoices and created a "holdover tenancy" for one year "by operation of law." The basis of plaintiff's claim is *ex contractu.*

Defendant demurs alleging that there is no "holdover tenancy" in a lease for personalty and that the agreement of the parties required a demand from plaintiff for the return of the property at a specified place and no such demand is alleged.

It is well-settled in the law of bailment, which governs this transaction, that a demand for the return of the bailed property is a prerequisite to the maintenance of a suit. See, Michie's Jurisprudence, *Bailments*, sect. 15, p. 133. Nothing in plaintiff's allegations (the lease agreements were not made a part of the pleadings) show a change in this requirement in the agreement between the parties. Plaintiff simply alleges that defendant "made no request for a place to return the equipment." Further,

plaintiff has failed to allege a demand and a refusal to surrender the property.

Nothing in the allegations factually supports plaintiff's claim that a "hold-over tenancy" was created for a term of one year. Plaintiff does not allege an express contract renewing the lease for a specified term. It merely asserts that a contract arises by operation of law renewing the agreements for a period of one year. Such conclusions are insufficient to allege a cause of action. Thus, the Demurrer will be sustained; however, plaintiff will be given leave to amend if it so desires.